IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| ACUITY, a Wisconsin mutual insurance company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| — vs— | ) |
| | ) |
| MJE CONSTRUCTION COMPANY, an Illinois corporation, STELLE HOMES, L.L.C., an Illinois limited liability company, BRIAN A. EMM, individually, and LISA EMM, individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, ACUITY, a Wisconsin mutual insurance company ("Acuity"), by and through its attorneys, Lindsay, Rappaport & Postel, LLC, and for its Complaint for Declaratory Judgment against MJE CONSTRUCTION COMPANY, an Illinois corporation ("MJE"), STELLE HOMES, L.L.C., an Illinois limited liability company ("Stelle"), BRIAN A. EMM, individually, and LISA EMM, individually, alleges as follows:

### Introduction

This is a declaratory judgment action by a commercial general liability insurer, Acuity, seeking a judicial declaration that it owes no defense or coverage under its policy issued to MJE, with respect to a third-party complaint filed by Stelle in the Circuit Court of McLean County. Brian and Lisa Emm sued Stelle for breach of contract and breach of implied warranty in connection with Stelle's allegedly defective construction of their home. In its third-party complaint, Stelle asserted that MJE is liable for any judgment entered against it, under three different theories of recovery.

## The Parties

1. At all relevant times, Acuity was a Wisconsin insurance company, with its principal place of business in Sheboygan, Wisconsin.

2. On information and belief, defendant MJE is an Illinois corporation with its principal place of business in Bloomington, Illinois.

3. On information and belief, defendant Stelle is an Illinois limited liability company with its principal place of business in Bloomington, Illinois. Despite considerable effort, plaintiff has been unable to determine definitively who the "members" of Stelle are. However, it has been able to determine, and therefore alleges, that the sole "manager" of Stelle, as disclosed by the Illinois Secretary of State's web site, is Jeffrey Stelle. The Illinois Secretary of State's web site lists 3001 1/2 Gill Rd, Bloomington, Illinois as the address for Jeffrey Stelle. Plaintiff believes, and therefore alleges, that the Jeffrey Stelle is an Illinois citizen. Plaintiff also believes, and therefore alleges, that Jeffrey Stelle is also the sole "member" of Stelle. Plaintiff will engage in further efforts to confirm the identity of the "member(s)," and requests advance permission from this court to supplement or amend its complaint with any further information, in the event that either this court or any party challenges the citizenship allegations pertaining to the members of Stelle.

4. On information and belief, defendants Brian Emm and Lisa Emm are individual residents of McLean County.

5. Stelle, Brian Emm and Lisa Emm are named only because they may be deemed necessary parties in that they may have an interest in the subject matter of this

action. Acuity seeks no relief from Stelle, Brian Emm or Lisa Emm, other than to the extent, if any, that they are interested in the subject matter of this action, that they be bound by the judgment sought herein. If Stelle, Brian Emm and/or Lisa Emm, by a duly authorized representative, will sign a stipulation to that effect, then Acuity would be willing to voluntarily dismiss them as defendants.

## Jurisdiction and Venue

6. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that all of the defendants reside in Illinois and at least one defendant resides in this District.

## The Underlying Litigation

8. On or about November 14, 2008, Brian and Lisa Emm filed a construction defect complaint in McLean County, Illinois, case no. 08 L 174, against Stelle, alleging breach of contract and breach of implied warranty in connection with the construction of their home in Bloomington, Illinois ("the underlying complaint"). A copy of the underlying complaint is attached hereto as Exhibit "A."

9. The underlying complaint alleges that Stelle, the general contractor for construction of the Emms' home, was responsible for defective construction that was identified after the Emms moved into the home on or about July 31, 2006. Ex. A at ¶6.

10. The damages alleged in the underlying complaint are limited to damages to the Emms' home. *See,* Ex. A.

11. As a result of Stelle's alleged breaches, the Emms seek recovery for damages in excess of $50,000, the cost of suit, and "for Defendant to refund to Plaintiffs the total purchase price paid by Plaintiffs to Defendants and further costs of improvements." *See,* Ex. A.

12. On February 7, 2011, Stelle filed a third-party complaint against MJE (among other subcontractors) for negligence, breach of contract, and breach of an implied warranty ("the third-party complaint"). A copy of the third-party complaint is attached hereto as Exhibit "B."

13. The third-party complaint alleges that MJE contracted with Stelle to perform the excavating work on the Emms' home. Ex. B at ¶6.

14. Count III, for MJE's alleged negligence, complains of various deficiencies in MJE's work in breach of MJE's duty to exercise ordinary care to the Emms. *See,* Ex. B at Count III.

15. In Count VII, for breach of contract, Stelle alleges that MJE failed to perform its excavation work in a good and workmanlike fashion as required under the subcontract between Stelle and MJE. *See,* Ex. B at Count VII.

16. Count XI, for breach of implied warranty, alleges that MJE had a duty to provide its work in a reasonably workmanlike manner, and that it failed to do so. *See,* Ex. B at Count XI.

17. In each of Counts III, VII, and XI, Stelle alleged that MJE caused the Emms' damages, and that MJE is liable to it to the extent that Stelle is held responsible for the damages the Emms seek in their complaint. *See,* Ex. B at Counts III, VII, and XI.

4

## The Acuity Policy

18. Acuity issued a commercial general liability policy, policy no. K45138, to its named insured, MJE, effective from August 1, 2008 through August 1, 2009 ("the policy"). A true and correct certified copy of the policy is attached hereto as Exhibit "C." The policy's liability coverage grant provides as follows:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. ***

   b. This insurance applies to *bodily injury* and *property damage* only if:

      (1) The *bodily injury* on *property damage* is caused by an *occurrence* that takes place in the *coverage territory;* and

      (2) The *bodily injury* or *property damage* occurs during the policy period. ***

19. The policy contains the following exclusions:

This insurance does not apply to: ***

   a. **Expected or Intended Injury**

   *Bodily injury* or *property damage* expected or intended from the standpoint of the insured. ***

   b. **Contractual Liability**

   *Bodily injury* or *property damage* for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

5

  (1) That the insured would have in the absence of the contract or agreement; or

  (2) Assumed in a contract or agreement that is an *insured contract,* provided the *bodily injury* or *property damage* occurs subsequent to the execution of the contract or agreement. \*\*\*

*  *  *

**j.**   **Damage to Property**

*Property damage* to:

*  *  *

  (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the *property damage* arises out of those operations; or

  (6) That particular part of any property that must be restored, repaired or replaced because *your work* was incorrectly performed on it. \*\*\*

  Paragraph (6) of this exclusion does not apply to property damage included in the *products-completed operations hazard.*

**k.**   **Damage to Your Product**

*Property damage* to *your product* arising out of it or any part of it.

**l.**   **Damage to Your Work**

*Property damage* to *your work* arising out of it or any part of it and included in the *products-completed operations hazard.* \*\*\*

**m.**   **Damage to Impaired Property or Property Not Physically Injured**

*Property damage* to *impaired property* or property that has not been physically injured, arising out of:

  (1) A defect, deficiency, inadequacy or dangerous condition in *your product* or *your work.* \*\*\*

6

20. The policy contains the following relevant definitions:

   **8.** *"Impaired property"* means tangible property, other than *your product* or *your work*, that cannot be used or is less useful because:

   **a.** It incorporates *your product* or *your work* that is known or thought to be defective, deficient, inadequate, or dangerous; or

   **b.** You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   **a.** The repair, replacement, adjustment or removal of *your product* or *your work*; or

   **b.** Your fulfilling the terms of the contract or agreement.

   **9.** *"Insured contract"* means: \*\*\*

   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for *bodily injury* or *property damage* to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. \*\*\*

   \*   \*   \*

   **13.** *"Occurrence"* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   \*   \*   \*

   **16.** *"Products-completed operations hazard"*:

   **a.** Includes all *bodily injury* and *property damage* occurring away from premises you own or rent and arising out of *your product* or *your work* except:

   (1) Products that are still in your physical possession; or

7

  (2) Work that has not yet been completed or abandoned. However, *your work* will be deemed completed at the earliest of the following times:

   (a) When all of the work called for in your contract has been completed.

   (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

 Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. ***

**17.** *"Property damage"* means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the *occurrence* that caused it. ***

    \*  \*  \*

**21.** *"Your product"* means:

**a.** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

 (1) You; ***

**22.** *"Your work"* means:

 **a.** Means:

  (1) Work or operations performed by you or on your behalf; and

8

  (2) Materials, parts or equipment furnished in connection with such work or operations.

 **b.** Includes:

Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of *your work*; \*\*\*

21. There may be other pertinent provisions in the poilcy, and Acuity reserves the right to plead them in the future.

### Coverage Allegations

22. Acuity has no duty to defend or indemnify MJE under the policy, because the third-party complaint does not allege an "occurrence" resulting in "bodily injury" or "property damage" that is not otherwise excluded from coverage by exclusions **a, b, j(5), j(6), k, l,** and/or **m**.

23. There may be other bases on which Acuity can properly deny coverage, and Acuity reserves the right to plead them in the future.

WHEREFORE, the Plaintiff, ACUITY, prays that this Honorable Court enter an Order finding and declaring that it has no duty to defend or indemnify MJE CONSTRUCTION COMPANY under ACUITY's policy no. K45138, with respect to the third-party complaint filed by STELLE HOMES, L.L.C. in McLean County, Illinois, case no. 08 L 174.

Date: March 18, 2011    Respectfully submitted,
              s/David S. Osborne
              David S. Osborne
              IL Bar No.  6237821
              LINDSAY, RAPPAPORT & POSTEL, LLC
              10 S. LaSalle Street, Suite 1301
              Chicago, Illinois  60603
              Tel: 312-629-0208 x13
              Fax: 312-629-1404
              dosborne@lrplawfirm.com